UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEXPATH TECHNOLOGIES HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN WELCH and WELCH TECHNOLOGY SERVICES, LLC, <br><br> Defendants. | Civil Action No.: 13-cv-5379 (PGS) (LHG) <br><br> ORDER |

Defendants opened this matter before the Court on a motion for attorney's fees (ECF No. 149). In that regard, I reviewed all of the papers submitted, and I finds as follows:

(1) The hourly rates charged by Defendants' counsel are reasonable. The rates are comparable to other cases where fees have been awarded. *See Tenafly Eruv Ass'n v. Borough of Tenafly*, 195 Fed. App'x 93, 97-99 (3d Cir. 2016);

(2) In addition, Defendants employed a lodestar method (hours x. hourly rate) which is a reasonable methodology. *Id.* at 102;

(3) The number of hours expended by Mr. Shamy are unreasonable because the need for his services has not been adequately explained. Evidently, he reviewed materials prepared by Mr. Kemeny's firm. There is no reason why this type of double billing is permissible;

(4) Plaintiff contends that Defendants should not be allowed to recover fees that have been paid by the Hiscox Insurance Company. In reviewing the New Jersey Trade Secrets Act, there is no such statutory exception;

(5) In addition, Plaintiff had several opportunities to settle this matter; but Plaintiff declined to accept the offers as Plaintiff deemed them to be unreasonably low, thereby placing itself at risk for award of legal fees;

(6) In addition, Plaintiff argues that the fees should be reduced to hours exclusively spent on litigating the New Jersey Trades Secrets Act. Having presided over the case, the evidence presented was relatively straightforward; and the evidence submitted on one count often applied to the other counts. As a result, allocating the time to a single count was impractical. Despite same, Defendants' counsel determined that 40% of Defendants' legal fees are related to the trade secrets claim (p. 27 of brief.). I have no substantive reason to disagree with that estimate.

(7) Based upon Defendants' counsel's estimate, an award of $90,110.40 in legal fees plus costs in the amount of $5,288.86 are reasonable in light of the complexity of the litigation. There is one caveat -- I cannot determine from the papers submitted whether the said amount includes any of Mr. Shamy's hours. If yes, either party may move for reconsideration; and

(8) The costs of $5,288.96 are reasonable. They include copy charges, federal express charges, subpoena services, transcript fees, expert fees and travel costs.

ORDER

IT IS on this 5th day of February, 2019;

ORDERED that Plaintiff (Lexpath) pay Defendants the amount of $90,110.40 in legal fees and $5,288.86 in costs within thirty days of this Order.

_____
PETER G. SHERIDAN, U.S.D.J.